IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NONA FARRAR | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN T. MCNESBY, PHILADELPHIA FOP | : | |
| LODGE #5, MAUREEN FAULKNER, | : | |
| DELTA AIRLINES,INC., DELTA AIRLINES | : | |
| DOE NO. 1, DELTA AIRLINES DOE NO. 2, | : | |
| U.S. AIRWAYS, INC., U.S. AIRWAYS, INC. | : | |
| DOE NO. 3, U.S. AIRWAYS, INC. DOE NO. | : | No. 13-5683 |
| 4, U.S. AIRWAYS, INC., DOE NO. 5, | : | |
| HILTON WORLDWIDE, INC., HILTON | : | |
| GARDEN INN DOE NO. 6, CHUCK | : | |
| CANTERBURY, DAVID GERSH, PAT | : | |
| MASENGILL, SEPHIRA | : | |
| SHUTTLESWORTH, FRATERNAL ORDER | : | |
| OF POLICE, HOLIDAY INN | : | |
| BIRMINGHAM AIRPORT, HOLIDAY INN | : | |
| BIRMINGHAM AIRPORT | : | |
| DOE NO. 7 AND ERIC H. HOLDER, and | : | |
| UNIDENTIFIED TSA AGENT DOE NO. 8 | : | |

MEMORANDUM

**NORMA L. SHAPIRO, J.**                                                                                          **DECEMBER 5, 2014**

Pro se plaintiff Nona Farrar, bringing this action on September 27, 2013, alleges that numerous defendants participated in a conspiracy to thwart her business activities and deprive her of her constitutional rights because of her race and her association with Mumia Abu-Jamal, the inmate convicted of the murder of Philadelphia police officer Daniel Faulkner.

Plaintiff asserts a *Bivens* claim against Attorney General Holder and claims under 42 U.S.C. §§ 1981, 1983, 1985(3), 1986; the civil RICO provisions of 18 U.S.C. § 1962(c) and (d); and the federal extortion, identity theft and Travel Act statutes against unidentified agents of the Transportation Security Administration ("TSA") and Federal Bureau of Investigation ("FBI").

1

Attorney General Holder and the federal defendants filed an omnibus motion to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## I.     *Bivens* claim against Attorney General Holder

Plaintiff alleges that Attorney General Holder authorized a "'continuing investigation' of plaintiff for no legitimate law enforcement purpose and was participating in the cover-up of [a] conspiracy" directed at her because of her race and her support for Mr. Abu-Jamal.  Compl. ¶ 273.  The alleged "continuing investigation" concerned the murder of a federal judge.  Compl. ¶¶ 22, 94, 189.

"Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that [a] Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  To make that showing of personal involvement, a complaint must contain "allegations of personal direction or of actual knowledge and acquiescence."  *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

Plaintiff does not meet that burden.  She does not plausibly allege that Attorney General Holder was personally aware of her race or involvement with Mr. Abu-Jamal's legal defense, or that he personally demanded retaliatory measures in response.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. at 678.

2

Plaintiff's allegations do not meet that plausibility threshold.  The allegations against Attorney General Holder are conclusory and unsubstantiated; plaintiff does not plead facts to show that he was aware of her, her race, or associations.  The *Bivens* claim does not move beyond the realm of the possible to the plausible and cannot survive.

Plaintiff fails to state a *Bivens* claim against Attorney General Holder.

**II.     Claims against unidentified federal defendants**

Plaintiff asserts claims against unidentified TSA and FBI agents for their alleged participation in a far-reaching conspiracy against her in violation of 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986; the civil RICO provisions of 18 U.S.C. § 1962; and the federal extortion, identity theft, and Travel Act statutes.

Plaintiff alleges that an unidentified TSA agent allowed a Nigerian woman carrying a ticket with plaintiff's name to board a U.S. Airways flight to North Carolina and that, in doing so, the agent participated in a "scheme" against her.  Compl. ¶ 96.  Plaintiff also alleges that unidentified FBI agents were investigating her "for no legitimate law enforcement purpose" based on her association with Mr. Abu-Jamal and her perceived involvement in the murder of a federal judge.  Compl. ¶¶ 22, 94, 189.

A)     Sovereign immunity

Unlike Attorney General Holder, the unidentified federal agents have been sued in their official capacity, as opposed to their individual capacity.

The federal government "is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Koss v. United States*, 69 F.3d 705, 707 (3d Cir. 1995) (quoting *United States v. Testan*, 424 U.S.

392, 399 (1976)).  Moreover, a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed."  *Dunn v. United States*, 775 F.2d 99, 106 n. 4 (3d Cir. 1985) (quoting *United States v. King*, 395 U.S. 1, 4 (1969).

There has been no applicable waiver of sovereign immunity for the claims brought under 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986 and 18 U.S.C. § 1962.  The federal defendants are immune; this court lacks subject matter jurisdiction for the claims against the unidentified federal defendants.

B)      Claims under 42 U.S.C. §§ 1981 and 1983

42 U.S.C. §§ 1981 and 1983 apply to conduct by state, not federal, actors.  *See Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001) ("[Section 1983] is addressed only to the state and to those acting under color of state authority.  It is well established that liability under § 1983 will not attach for actions taken under color of federal law."); *see also United States ex rel. Moore v. Koelzer*, 457 F.2d 892, 893 (3d Cir. 1972) ("[A] cause of action for damages does not accrue under 42 U.S.C. §§ 1981 et seq. for an alleged violation of the Act by federal officers acting under color of federal law.").

Because plaintiff has sued federal, not state, officials, she does not have a cause of action against them under either § 1981 or § 1983.

C)      Claims under 42 U.S.C. §§ 1985(3) and 1986

Section 1985(3) proscribes conspiracies to "deprive[] . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ."  42 U.S.C. § 1985(3).  "A mere general allegation . . . [or] averment of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is

insufficient [to state a claim]." *Young v. Kann*, 926 F.2d 1396, 1405 n. 16 (3d Cir. 1991).

Plaintiff's complaint contains a series of conclusory allegations. It alleges that the unidentified federal defendants colluded with flight attendants, hotel receptionists and others without stating how those defendants came together to effectuate their shared purpose. These unsubstantiated allegations are insufficient to state a claim for conspiracy under § 1985(3).

Also, to state a claim under Section 1985(3) "a claimant must allege some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006). Plaintiff has not plausibly alleged that the federal defendants were motivated by discriminatory animus. Plaintiff has failed to state a claim under § 1985(3).

Section 1986 obligates a person to thwart a known conspiracy under § 1985 through the exercise of "reasonable diligence." *See* 42 U.S.C. § 1986. "[T]rangressions of § 1986 by definition depend on a preexisting violation of § 1985." *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994). Because plaintiff has failed to state a claim against the federal defendants under § 1985, she fails to do so under § 1986.

D)      <u>Civil RICO claims under 18 U.S.C. § 1962</u>

To state a RICO claim under 18 U.S.C. § 1962(c), a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 362 (3d Cir. 2010). To allege the existence of "an enterprise", a plaintiff must plead facts sufficient to show a shared "purpose, relationships among those associated with the enterprise, and longevity sufficient to permit [its] associates to pursue the enterprise's purpose." *Id.* at 366. "A pattern of racketeering activity requires at least two acts of racketeering activity within

a ten-year period." *Id.* at 363.  An act of racketeering relates to a predicate offense such as mail or wire fraud, among others.  *Id.*

      Plaintiff has failed to plead facts sufficient to allege those elements.  She has not shown how the federal defendants in this action were connected to a network of flight attendants, airlines, hotel receptionists, and other defendants, or how they pursued a shared purpose.  Plaintiff has also failed to allege any racketeering activity on the part of the federal defendants, or a pattern of such activity.  Plaintiff alleges that defendant Gersh committed an isolated act of bank and wire fraud by withdrawing $500 from her bank account without her authorization, but plaintiff does not allege that Mr. Gersh is a federal employee or agent.  Compl. ¶¶ 142-145.

      Plaintiff fails to state a RICO claim against the federal defendants under 18 U.S.C. § 1962.

E)      Claims for extortion, identity theft, and Travel Act violations

      The complaint alleges, in conclusory terms, that the defendants committed extortion (Compl. ¶¶ 18, 37), identity theft (Compl. ¶ 31), and violations of the Travel Act (Compl. ¶¶ 40, 82, 116).

      The Travel Act (18 U.S.C. § 1952), extortion (18 U.S.C. § 1951) and identity theft (18 U.S.C. § 1028A) statutes are criminal statutes that do not permit a private right of action.  "[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."  *United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996).  Plaintiff does not state a claim for extortion, identity theft, or Travel Act violations.

      An appropriate Order follows.