IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NONA FARRAR | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN T. MCNESBY, PHILADELPHIA FOP LODGE #5, MAUREEN FAULKNER, DELTA AIRLINES,INC., DELTA AIRLINES DOE NO. 1, DELTA AIRLINES DOE NO. 2, U.S. AIRWAYS, INC., U.S. AIRWAYS, INC. DOE NO. 3, U.S. AIRWAYS, INC. DOE NO. 4, U.S. AIRWAYS, INC., DOE NO. 5, HILTON WORLDWIDE, INC., HILTON GARDEN INN DOE NO. 6, CHUCK CANTERBURY, DAVID GERSH, PAT MASENGILL, SEPHIRA SHUTTLESWORTH, FRATERNAL ORDER OF POLICE, HOLIDAY INN BIRMINGHAM AIRPORT, HOLIDAY INN BIRMINGHAM AIRPORT DOE NO. 7 AND ERIC H. HOLDER, and UNIDENTIFIED TSA AGENT DOE NO. 8 | : : : : : : : : : : : : : | No. 13-5683 |

## MEMORANDUM

**NORMA L. SHAPIRO, J.**                                                                                                 **DECEMBER 11, 2014**

     Pro se plaintiff Nona Farrar ("Farrar") alleges that defendant U.S. Airways, Inc., U.S. Airways, Inc. Doe No. 3, U.S. Airways Inc. Doe No. 4, and U.S. Airways Inc. Doe No. 5 (collectively, "U.S. Airways") participated in a conspiracy to thwart her business activities and deprive her of her constitutional rights because of her race and her association with Mumia Abu-Jamal, the inmate convicted of the murder of Philadelphia police officer Daniel Faulkner.

     Farrar asserts claims against the U.S. Airways defendants under 42 U.S.C. §§ 1981, 1983, 1985, and 1986. U.S. Airways filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).

1

I.     FACTUAL ALLEGATIONS

Farrar alleges that her constitutional rights were abridged on a U.S. Airways flight from North Carolina to New Jersey.  Compl. ¶¶ 204, 205.  She alleges that after boarding the plane she found a woman of Nigerian descent in her assigned seat carrying two boarding passes with Farrar's name on them.  Compl. ¶ 205.  Farrar alerted a female flight attendant to the issue; the flight attendant then asked the Nigerian woman for her boarding pass and a form of identification, but "didn't seem real concerned".  Id.  The Nigerian woman was then escorted off the plane by a different U.S. Airways agent.  Id.  Concerned that U.S. Airways had not followed post-9/11 protocol, Farrar then exited the plane to locate the Nigerian woman.  Id.  She was informed by a different U.S. Airways agent that the Nigerian woman was an employee and that there was no cause for concern.  Id.  Farrar was asked to return to her seat and was offered a beer but "with a bit of an attitude."  Compl. ¶ 206.  Farrar alleges that the U.S. Airways agents departed from "standard procedure because . . . [they] were so bent on furthering [a] conspiracy against [her]."  Compl. ¶ 207.  She further alleges that "U.S. Airways white employees have a history of . . . discrimination against blacks and employ it as some sort of sport."  Compl. ¶ 206.

II.    DISCUSSION

For the reasons that follow, Farrar fails to state a claim against the U.S. Airways defendants under 42 U.S.C. §§ 1981, 1983, 1985 and 1986.

<u>Claims under 42 U.S.C. § 1981</u>

42 U.S.C. § 1981 provides that all persons "shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws . . . as is enjoyed by white citizens."  42 U.S.C. § 1981.  "[W]hile private discrimination may be

implicated by the contract clause of section 1981, the concept of state action is implicit in the equal benefit clause." *Mahone v. Waddle*, 564 F.2d 1018, 1029 (3d Cir. 1977). "In order to state a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute . . . ." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001).

Although Farrar is a member of a racial minority, she does not plausibly allege that U.S. Airways intended to discriminate against her because of her race. She alleges that U.S. Airways did not adhere to post-9/11 protocol and did not exhibit enough concern when responding to a possible security threat—namely, the Nigerian woman occupying her assigned seat—but those allegations alone do not reveal discriminatory intent. Nor do the allegations of sub-optimal customer service suffice.

The right to make and enforce contracts is the only enumerated activity that Farrar's complaint implicates. However, Farrar does not allege that she was either denied the right to enter into a contract with U.S. Airways or denied a contractual promise.

Finally, because U.S. Airways did not engage in state action, Farrar could not have been deprived of "the full and equal benefit of all laws."

Farrar fails to state a claim under Section 1981.

Claims under 42 U.S.C. § 1983

42 U.S.C. § 1983 provides a right of action to a person deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by a person acting "under color of any statute, ordinance, regulation, custom, or usage." 42 U.S.C. § 1983. To state a claim under Section 1983,

"a plaintiff must allege that the defendant acted under color of state law, in other words, that there was state action." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175-76 (3d Cir. 2010).

Farrar does not allege that U.S. Airways, a private entity, acted under color of state law. Because her complaint does not allege state action, she fails to state a claim against U.S. Airways under Section 1983.

<u>Claims under 42 U.S.C. §§ 1985 and 1986</u>

Section 1985(3) proscribes conspiracies to "deprive[] . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ." 42 U.S.C. § 1985(3). "A mere general allegation . . . [or] averment of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient [to state a claim]." *Young* v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991).

Farrar does not plead facts to show that the U.S. Airways defendants were involved in a broader conspiracy to thwart her business plans and erode her constitutional rights. The complaint does not state how the U.S. Airways defendants pursued a shared purpose with a network of co-conspirators, but rather baldly alleges that they did.

Also, to state a claim under Section 1985(3) "a claimant must allege some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006).

Farrar's complaint does not contain allegations to support such a motive. U.S. Airways' customer service and alleged departure from standard security protocol do not plausibly betray discriminatory animus. Although Farrar alleges that "U.S. Airways white employees have a history

of . . . discrimination against blacks and employ it as some sort of sport" (Compl. ¶ 206), she does not plead facts to show that she was treated differently in this instance because of her race. Farrar fails to state a claim under Section 1985.

Section 1986 obligates a person to thwart a known conspiracy under Section 1985 through the exercise of "reasonable diligence." *See* 42 U.S.C. § 1986. "[T]rangressions of § 1986 by definition depend on a preexisting violation of § 1985." *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994). Because Farrar fails to state a claim under Section 1985, she fails to do so under Section 1986.

An appropriate Order follows.