IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NONA FARRAR | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN T. MCNESBY, PHILADELPHIA FOP LODGE #5, MAUREEN FAULKNER, DELTA AIRLINES,INC., DELTA AIRLINES DOE NO. 1, DELTA AIRLINES DOE NO. 2, U.S. AIRWAYS, INC., U.S. AIRWAYS, INC. DOE NO. 3, U.S. AIRWAYS, INC. DOE NO. 4, U.S. AIRWAYS, INC., DOE NO. 5, HILTON WORLDWIDE, INC., HILTON GARDEN INN DOE NO. 6, CHUCK CANTERBURY, DAVID GERSH, PAT MASENGILL, SEPHIRA SHUTTLESWORTH, FRATERNAL ORDER OF POLICE, HOLIDAY INN BIRMINGHAM AIRPORT, HOLIDAY INN BIRMINGHAM AIRPORT DOE NO. 7 AND ERIC H. HOLDER, and UNIDENTIFIED TSA AGENT DOE NO. 8 | : : : : : : : : : : : | No. 13-5683 |

## MEMORANDUM

**NORMA L. SHAPIRO, J.**                                                                 **DECEMBER 11, 2014**

Pro se plaintiff Nona Farrar ("Farrar") alleges that defendants Delta Air Lines, Inc., Delta Air Lines Doe # 1, and Delta Air Lines Doe # 2 (collectively, "Delta") participated in a far-reaching conspiracy to thwart her business activities and deprive her of her constitutional rights because of her race and her association with Mumia Abu-Jamal, the inmate convicted of the murder of Philadelphia police officer Daniel Faulkner.

Farrar asserts claims against the Delta defendants under 42 U.S.C. §§ 1981, 1983, 1985, and 1986. Delta filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).

I.      FACTUAL ALLEGATIONS

Farrar alleges that the Delta defendants violated her constitutional rights on a flight from Birmingham to New Jersey in the summer of 2011.  Compl. ¶ 185.  The complaint asserts three factual allegations against the Delta defendants.

First, Farrar alleges that a Delta employee was discussing Farrar's "housing situation" with a member of the ground crew to draw Farrar into a confrontation.  Compl. ¶ 184.  Farrar admits that she had never met the Delta employee, but alleges that other unidentified co-conspirators conveyed her private information to him.  *Id.*

Second, Farrar alleges that a Delta flight attendant asked her and two other African American passengers to check their luggage because of a lack of overhead compartment space.  Compl. ¶ 186.  Although Farrar and the other passengers were eventually allowed to stow their luggage overhead, she alleges they were singled out because of their race.  *Id.*

Third, Farrar alleges that the same flight attendant "repeatedly jabbed [her] in her upper arm" while saying "thank you" as Farrar exited the plane.  Compl. ¶ 188.  She characterizes the flight attendant's conduct as "a violent physical attack" aimed at starting a confrontation.  Compl. ¶ 188.

Farrar asserts that Delta Air Lines, Inc. is vicariously liable for the conduct of its employees because they were acting within the scope of their employment.  Compl. ¶¶ 195, 196.

II.     DISCUSSION

For the reasons that follow, Farrar fails to state a claim against the Delta defendants under 42 U.S.C. §§ 1981, 1983, 1985 and 1986.

Claims under 42 U.S.C. § 1981

42 U.S.C. § 1981 provides that all persons "shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws . . . as is enjoyed by white citizens."  42 U.S.C. § 1981.  "[W]hile private discrimination may be implicated by the contract clause of section 1981, the concept of state action is implicit in the equal benefit clause."  *Mahone v. Waddle*, 564 F.2d 1018, 1029 (3d Cir. 1977).  "In order to state a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute . . . ."  *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001).

Although Farrar is a member of a racial minority, she does not plausibly allege that the Delta defendants intended to discriminate against her because of her race.  The three events she describes—the conversation about her "housing situation" (Compl. ¶ 184); the request to check her luggage (Compl. ¶ 186); and the "thank you" she received as she exited the plane (Compl. ¶ 188)—do not plausibly reveal discriminatory animus.  The conduct Farrar alleges is compatible with routine airline protocol.

The right to make and enforce contracts is the only enumerated activity that Farrar's complaint implicates.  However, Farrar does not allege that she was either denied the right to enter into a contract with Delta or denied a contractual promise.  Rather, she was allowed to travel to her intended destination according to her contract with Delta.

Finally, because Delta did not engage in state action, Farrar could not have been deprived of "the full and equal benefit of all laws."

Farrar fails to state a claim under Section 1981.

Claims under 42 U.S.C. § 1983

42 U.S.C. § 1983 provides a right of action to a person deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by a person acting "under color of any statute, ordinance, regulation, custom, or usage." 42 U.S.C. § 1983. To state a claim under Section 1983, "a plaintiff must allege that the defendant acted under color of state law, in other words, that there was state action." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175-76 (3d Cir. 2010).

Farrar does not allege that Delta, a private entity, acted under color of state law. Because her complaint does not allege state action, she fails to state a claim against the Delta defendants under Section 1983.

Claims under 42 U.S.C. §§ 1985 and 1986

Section 1985(3) proscribes conspiracies to "deprive[] . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ." 42 U.S.C. § 1985(3). "A mere general allegation . . . [or] averment of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient [to state a claim]." *Young* v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991).

Farrar does not plead facts to show that the Delta defendants were involved in a broader conspiracy to thwart her business plans and violate her constitutional rights. The complaint does not state how the Delta defendants pursued a shared purpose with a network of co-conspirators, but just alleges that they did.

To state a claim under Section 1985(3) "a claimant must allege some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006). Farrar's complaint does not contain allegations to support such a motive. The conduct Farrar describes is either implausible (*e.g.* a final "thank you" accompanied by violent jabs in the upper arm) or compatible with routine airline protocol (*e.g.* a request to check luggage). Farrar fails to state a claim under Section 1985.

Section 1986 obligates a person to thwart a known conspiracy under Section 1985 through the exercise of "reasonable diligence." *See* 42 U.S.C. § 1986. "[T]rangressions of § 1986 by definition depend on a preexisting violation of § 1985." *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994). Because Farrar fails to state a claim under Section 1985, she fails to do so under Section 1986.

An appropriate Order follows.