IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NONA FARRAR | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN T. MCNESBY, PHILADELPHIA FOP LODGE #5, MAUREEN FAULKNER, DELTA AIRLINES,INC., DELTA AIRLINES DOE NO. 1, DELTA AIRLINES DOE NO. 2, U.S. AIRWAYS, INC., U.S. AIRWAYS, INC. DOE NO. 3, U.S. AIRWAYS, INC. DOE NO. 4, U.S. AIRWAYS, INC., DOE NO. 5, HILTON WORLDWIDE, INC., HILTON GARDEN INN DOE NO. 6, CHUCK CANTERBURY, DAVID GERSH, PAT MASENGILL, SEPHIRA SHUTTLESWORTH, FRATERNAL ORDER OF POLICE, HOLIDAY INN BIRMINGHAM AIRPORT, HOLIDAY INN BIRMINGHAM AIRPORT DOE NO. 7 AND ERIC H. HOLDER, and UNIDENTIFIED TSA AGENT DOE NO. 8 | : : : : : : : : : : : : : | No. 13-5683 |

## MEMORANDUM

**NORMA L. SHAPIRO, J.**                                              **MARCH 11, 2015**

Pro se plaintiff Nona Farrar ("Farrar") alleges that defendants Hilton Worldwide, Inc. ("Hilton Worldwide") and Hilton Garden Inn Birmingham/Trussville Alabama ("Hilton Garden") participated in a far-reaching conspiracy to thwart her business activities and abridge her constitutional rights because of her race and association with Mumia Abu-Jamal, the inmate convicted of the murder of Philadelphia police officer Daniel Faulkner.

Farrar asserts claims against Hilton Garden under 42 U.S.C. §§ 1981, 1983, 1985, and 1986. Relying on a theory of vicarious liability, she asserts a Section 1981 claim against Hilton Worldwide. The defendants filed a motion to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

I.  FACTUAL ALLEGATIONS

Farrar alleges that a female employee and a male manager at Hilton Garden participated in a conspiracy to violate her constitutional rights. Compl. ¶ 214. She alleges that the employee repeatedly referred to her as "transit" and "sweetie," despite Farrar's objections, to prompt a confrontation that would result in Farrar's arrest. Compl. ¶ 218. A manager saw this exchange, but refused to heed Farrar's request for assistance. Compl. ¶ 220. Farrar also alleges that she asked the female employee to give her a box containing audio-book cases; the employee allegedly pretended not to see the box to trigger a confrontation with Farrar. Compl. ¶ 221. Farrar premises her claims against Hilton Garden on those allegations and attempts to hold franchisor Hilton Worldwide vicariously liable.

II.  DISCUSSION

For the reasons that follow, Farrar fails to state a claim against Hilton Garden and Hilton Worldwide under 42 U.S.C. §§ 1981, 1983, 1985 and 1986.

<u>Claims under 42 U.S.C. § 1981</u>

42 U.S.C. § 1981 provides that all persons "shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws . . . as is enjoyed by white citizens." 42 U.S.C. § 1981. "In order to state a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) [plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute . . . ." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001).

Although Farrar is a member of a racial minority, she does not plead facts that plausibly show an intent to discriminate against her because of her race.  The female Hilton Garden employee's conduct—including her decision to refer to Farrar as "transit" and "sweetie," and her failure to notice a box containing audio-book cases—does not reveal discriminatory intent.  Nor does the male manager's alleged lack of concern over the incident.  Farrar's allegations against Hilton Garden also fail to implicate any of the enumerated activities in Section 1981.

Farrar fails to state a claim against Hilton Garden under Section 1981.  She therefore also fails to state a claim against Hilton Worldwide under the *respondeat superior* doctrine.

<u>Claims under 42 U.S.C. § 1983</u>

42 U.S.C. § 1983 provides a right of action to a person deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by a person acting "under color of any statute, ordinance, regulation, custom, or usage."  42 U.S.C. § 1983.  To state a claim under Section 1983, "a plaintiff must allege that the defendant acted under color of state law, in other words, that there was state action."  *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175-76 (3d Cir. 2010).

Farrar does not plausibly allege that Hilton Garden, a private entity, acted under color of state law.  Because her complaint does not allege state action, she fails to state a claim against Hilton Garden under Section 1983.

<u>Claims under 42 U.S.C. §§ 1985 and 1986</u>

Section 1985(3) proscribes conspiracies to "deprive[] . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ."  42 U.S.C. § 1985(3).  "A mere general allegation  . . . [or] averment of conspiracy or collusion without

alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient [to state a claim]." *Young* v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991).

Farrar does not plead facts sufficient to show that Hilton Garden was involved in a broader conspiracy to thwart her business plans and violate her constitutional rights.  The complaint does not detail how Hilton Garden employees pursued a shared purpose with a network of co-conspirators, but just alleges that they did.

To state a claim under Section 1985(3) "a claimant must allege some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006).  Farrar's allegations against the female employee and male manager at Hilton Garden do not support such a motive.

Section 1986 obligates a person to thwart a known conspiracy under Section 1985 through the exercise of "reasonable diligence."  *See* 42 U.S.C. § 1986.  "[T]rangressions of § 1986 by definition depend on a preexisting violation of § 1985." *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994).  Because Farrar fails to state a claim under Section 1985, she fails to do so under Section 1986.

An appropriate Order follows.