IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NONA FARRAR | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN T. MCNESBY, PHILADELPHIA FOP | : | |
| LODGE #5, MAUREEN FAULKNER, | : | |
| DELTA AIRLINES,INC., DELTA AIRLINES | : | |
| DOE NO. 1, DELTA AIRLINES DOE NO. 2, | : | |
| U.S. AIRWAYS, INC., U.S. AIRWAYS, INC. | : | |
| DOE NO. 3, U.S. AIRWAYS, INC. DOE NO. | : | No. 13-5683 |
| 4, U.S. AIRWAYS, INC., DOE NO. 5, | : | |
| HILTON WORLDWIDE, INC., HILTON | : | |
| GARDEN INN DOE NO. 6, CHUCK | : | |
| CANTERBURY, DAVID GERSH, PAT | : | |
| MASENGILL, SEPHIRA | : | |
| SHUTTLESWORTH, FRATERNAL ORDER | : | |
| OF POLICE, HOLIDAY INN | : | |
| BIRMINGHAM AIRPORT, HOLIDAY INN | : | |
| BIRMINGHAM AIRPORT | : | |
| DOE NO. 7 AND ERIC H. HOLDER, and | : | |
| UNIDENTIFIED TSA AGENT DOE NO. 8 | : | |

MEMORANDUM

**NORMA L. SHAPIRO, J.**                                                      **MARCH 13, 2015**

Pro se plaintiff Nona Farrar ("Farrar") alleges that defendants SIG-Alabama, LLC d/b/a

Holiday Inn Birmingham Airport ("Holiday Inn") and Holiday Inn Birmingham Airport Doe

Defendant No. 7 ("Holiday Inn Doe") participated in a far-reaching conspiracy to thwart her

business activities and abridge her constitutional rights because of her race and association with

Mumia Abu-Jamal, the inmate convicted of the murder of Philadelphia police officer Daniel

Faulkner.

Farrar asserts claims against the defendants under 42 U.S.C. §§ 1981, 1983, 1985, and

1986.  The defendants filed a motion to dismiss the complaint under Federal Rules of Civil

Procedure 12(b)(2) and 12(b)(6).

## I.      FACTUAL ALLEGATIONS

Farrar alleges that a female Holiday Inn employee, Holiday Inn Doe, conspired to "interfere

with" the amenities in Farrar's hotel room during her stay at the Holiday Inn.  Compl. ¶ 231.  She

alleges that the television set in her room had been "interfered with," prompting her to call the

front desk at the hotel for assistance.[1]  Compl. ¶ 232.  She asked that someone fix her TV set after

she returned from breakfast.  Compl. *Id*.  After returning from breakfast, she "was shocked to find

a white male with a big grin on his face over by her bed standing.  He didn't have on a uniform []or

badge and said he was there to fix the tv."  *Id*.  After that encounter, Farrar moved to a different

hotel room.  Compl. ¶ 233.  Both the telephone and TV in her new room had been "interfered

with."  *Id.*

Farrar alleges that Birmingham police frequented the hotel for purposes other than business.

*Id.*  She also alleges that fire trucks with blaring sirens circled the hotel during her stay; she alleges

that the Birmingham Fire Department staged "fake emergencies" to harass and intimidate members

of the civil rights movement, including her.  *Id.*

Based on the above allegations, Farrar asserts claims against Holiday Inn and the Holiday

Inn Doe under 42 U.S.C. §§ 1981, 1983, 1985 and 1986.

## II.     DISCUSSION

Farrar fails to state a claim against Holiday Inn and the Holiday Inn Doe under 42 U.S.C. §§

1981, 1983, 1985 and 1986.

---

[1] Farrar's complaint does not clearly identify the Holiday Inn Doe's role at the hotel.  The
allegations suggest that she manned the hotel's front desk.

Claims under 42 U.S.C. § 1981

42 U.S.C. § 1981 provides that all persons "shall have the same right . . . to make and

enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws . . .

as is enjoyed by white citizens."  42 U.S.C. § 1981.  "In order to state a claim under § 1981, a

plaintiff must allege facts in support of the following elements: (1) [plaintiff] is a member of a

racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3)

discrimination concerning one or more of the activities enumerated in the statute . . . ."  *Brown v.*

*Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001).

Although Farrar is a member of a racial minority, she does not plead facts that plausibly

show an intent to discriminate against her because of her race.  The allegations against Holiday Inn

and the Holiday Inn Doe—including the problems Farrar had with the amenities in her hotel rooms

and her encounter with the out-of-uniform male employee sent to fix her television set—do not

plausibly reveal discriminatory intent.  Farrar's allegations against Holiday Inn and the Holiday Inn

Doe also fail to implicate any of the enumerated activities in Section 1981.

Farrar fails to state a claim against Holiday Inn and the Holiday Inn Doe under Section

1981.

Claims under 42 U.S.C. § 1983

42 U.S.C. § 1983 provides a right of action to a person deprived of "any rights, privileges,

or immunities secured by the Constitution and laws" by a person acting "under color of any statute,

ordinance, regulation, custom, or usage."  42 U.S.C. § 1983.  To state a claim under Section 1983,

"a plaintiff must allege that the defendant acted under color of state law, in other words, that there

was state action." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175-76 (3d Cir. 2010).

Farrar does not plausibly allege that Holiday Inn, a private entity, acted under color of state law. Her allegations against the Birmingham police and the Birmingham Fire Department are insufficient to show that Holiday Inn engaged in state action. Because her complaint fails to allege state action, she fails to state a claim against Holiday Inn and the Holiday Inn Doe under Section 1983.

Claims under 42 U.S.C. §§ 1985 and 1986

Section 1985(3) proscribes conspiracies to "deprive[] . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ." 42 U.S.C. § 1985(3). "A mere general allegation . . . [or] averment of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient [to state a claim]." *Young* v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991).

Farrar does not plead facts sufficient to show that Holiday Inn and the Holiday Inn Doe were involved in a broader conspiracy to thwart her business plans and violate her constitutional rights. The complaint does not detail how the defendants pursued a shared purpose with a network of co-conspirators, including the Birmingham police and Birmingham Fire Department, but just alleges that they did.

To state a claim under Section 1985(3) "a claimant must allege some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006). Farrar's allegations against Holiday Inn and the Holiday Inn Doe do not support such a motive.

Section 1986 obligates a person to thwart a known conspiracy under Section 1985 through the exercise of "reasonable diligence."  *See* 42 U.S.C. § 1986.  "[T]rangressions of § 1986 by definition depend on a preexisting violation of § 1985."  *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994).  Because Farrar fails to state a claim under Section 1985, she fails to do so under Section 1986.

An appropriate Order follows.