## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NONA FARRAR** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN T. MCNESBY, PHILADELPHIA FOP** | : | |
| **LODGE #5, MAUREEN FAULKNER,** | : | |
| **DELTA AIRLINES,INC., DELTA AIRLINES** | : | |
| **DOE NO. 1, DELTA AIRLINES DOE NO. 2,** | : | |
| **U.S. AIRWAYS, INC., U.S. AIRWAYS, INC.** | : | |
| **DOE NO. 3, U.S. AIRWAYS, INC. DOE NO.** | : | **No. 13-5683** |
| **4, U.S. AIRWAYS, INC., DOE NO. 5,** | | |
| **HILTON WORLDWIDE, INC., HILTON** | : | |
| **GARDEN INN DOE NO. 6, CHUCK** | : | |
| **CANTERBURY, DAVID GERSH, PAT** | : | |
| **MASENGILL, SEPHIRA** | : | |
| **SHUTTLESWORTH, FRATERNAL ORDER** | : | |
| **OF POLICE, HOLIDAY INN** | : | |
| **BIRMINGHAM AIRPORT, HOLIDAY INN** | : | |
| **BIRMINGHAM AIRPORT** | | |
| **DOE NO. 7 AND ERIC H. HOLDER, and** | : | |
| **UNIDENTIFIED TSA AGENT DOE NO. 8** | : | |



FILED

MAR 24 2015

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### MEMORANDUM

**NORMA L. SHAPIRO, J.**                                   **MARCH 24, 2015**

Pro se plaintiff Nona Farrar alleges that numerous defendants participated in a conspiracy

to thwart her business activities and abridge her constitutional rights because of her race and

association with Mumia Abu-Jamal, the inmate convicted of the murder of Philadelphia police

officer Daniel Faulkner.  Among those named as defendants are the National Fraternal Order of

Police ("FOP"), Philadelphia FOP Lodge #5, President of the National FOP Chuck Canterbury,

President of Philadelphia FOP Lodge #5 John McNesby, and Maureen Faulkner, the wife of officer

Daniel Faulkner (collectively, the "FOP defendants").

Plaintiff asserts claims against the FOP defendants under the Hobbs Act (18 U.S.C. §

1951); 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986; the civil RICO provisions of 18 U.S.C. §

1962(c) and (d); and for conspiracy to "breed and cover-up [a] code of silence" and "inten[t]ionally interfere with contracts and prospective contract[u]al relationships." The FOP defendants filed an omnibus motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).

## I.    DISCUSSION

Plaintiff's complaint contains a litany of conclusory allegations failing to state a claim against the FOP defendants.

Standard

To determine the sufficiency of a complaint, a court must identify the elements of each claim at issue, *see Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010); disregard all conclusory allegations or "naked assertions devoid of further factual enhancement," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); and assume the veracity of all well-pleaded factual allegations to determine whether they plausibly give rise to an entitlement for relief. *See Iqbal*, 556 U.S. at 679.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678.

## A)    Hobbs Act (18 U.S.C. § 1951)

The Hobbs Act, 18 U.S.C. § 1951, a criminal statute, does not permit a private right of action. "[T]he United States Attorney is responsible for the prosecution of all criminal cases within

2

his or her district." *United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996). Plaintiff does not state a claim against the FOP defendants under the Hobbs Act.

B)     42 U.S.C. § 1983

42 U.S.C. § 1983 provides a right of action to a person deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by a person acting "under color of any statute, ordinance, regulation, custom, or usage." 42 U.S.C. § 1983. To state a claim under Section 1983, "a plaintiff must allege that the defendant acted under color of state law, in other words, that there was state action." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175-76 (3d Cir. 2010).

With the possible exception of defendants Canterbury and McNesby, the FOP defendants are not state officials and Farrar fails to allege state action. Her complaint is devoid of well-pleaded factual allegations against Canterbury and McNesby. She fails to state a claim against the FOP defendants under Section 1983.

C)     42 U.S.C. §§ 1981, 1985, and 1986

42 U.S.C. § 1981 provides that all persons "shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws . . . as is enjoyed by white citizens." 42 U.S.C. § 1981. "In order to state a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute . . . ." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001).

Farrar's complaint is devoid of factual allegations that plausibly reveal discriminatory

3

animus or implicate the activities enumerated in Section 1981. Farrar fails to state a claim against the FOP defendants under Section 1981.

Section 1985(3) proscribes conspiracies to "deprive[] . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ." 42 U.S.C. § 1985(3). "A mere general allegation  . . . [or] averment of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient [to state a claim]." *Young v. Kann*, 926 F.2d 1396, 1405 n. 16 (3d Cir. 1991).

Farrar's complaint alleges that the FOP defendants "agreed to conspire together to intentionally deprive plaintiff of her right to equal privileges and immunities provided under the laws," but that conclusory allegation is not substantiated by other well-pleaded factual allegations against the FOP defendants. Compl. ¶ 238. Farrar does not plausibly explain how the FOP defendants colluded with other defendants to effectuate their shared purpose. Nor does she plausibly allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action," an element of any claim under Section 1985. *Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006). She fails to state a claim against the FOP defendants under Section 1985.

Section 1986 obligates a person to thwart a known conspiracy under Section 1985 through the exercise of "reasonable diligence." *See* 42 U.S.C. § 1986. "[T]rangressions of § 1986 by definition depend on a preexisting violation of § 1985." *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994). Because plaintiff has failed to state a claim against the FOP defendants under Section 1985, she fails to do so under Section 1986.

4

D)    Civil RICO claims under 18 U.S.C. § 1962

To state a RICO claim under 18 U.S.C. § 1962(c), a plaintiff must allege "(1) conduct (2) of

an enterprise (3) through a pattern (4) of racketeering activity." *In re Ins. Brokerage Antitrust*

*Litig.*, 618 F.3d 300, 362 (3d Cir. 2010).  To allege the existence of "an enterprise," a plaintiff must

plead facts sufficient to show a shared "purpose, relationships among those associated with the

enterprise, and longevity sufficient to permit [its] associates to pursue the enterprise's purpose." *Id.*

at 366.  "A pattern of racketeering activity requires at least two acts of racketeering activity within

a ten-year period." *Id.* at 363.  An act of racketeering relates to a predicate offense such as mail or

wire fraud, among others. *Id.*

Plaintiff has not plausibly alleged those elements.  She has not shown how the FOP

defendants were connected to a broader enterprise of flight attendants, airlines, hotel receptionists,

and other defendants, or how they pursued a shared purpose.  And although she alleges, in

conclusory terms, that the FOP defendants engaged in wire fraud, identity theft, and extortion to

obtain her confidential information and property (Compl. ¶¶ 126-130), those allegations do not

cross the line between the possible and the plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009).  Farrar fails to state a RICO claim against the FOP defendants under 18 U.S.C. § 1962.

E)    Conspiracy to "breed and cover-up [a] code of silence" and intentionally interfere with
      contracts and prospective contractual relationships

Farrar asserts that the FOP defendants engaged in a "conspiracy to breed and cover up [a]

code of silence." Compl. ¶¶ 295-316.  This is not a cognizable cause of action.  She also asserts

that various co-conspirator defendants engaged in a conspiracy to "interfere with contracts and

prospective contract[u]al relationships," but fails to include well-pleaded allegations against the

5

FOP defendants.  Compl. ¶¶ 326-335.  She fails to state a claim against the FOP defendants on both counts.

An appropriate Order follows.